Alright, so the next item on our agenda, on our docket, is 5-25-0295. Cecil ex rel. Haine, etc. v. 2017 Lexus RX 350, et al. And again, this is Mr. Unsel for the appellant and Mr. Marshall for the appellate. Alright, Mr. Unsel, if you'd like to begin again. I agree with my apology, I've had a little under the weather. I have a 6-year-old, believe it or not. I do. I have, I do. It's his first year of kindergarten and he's trying to revamp his immune system at the same time he's throwing mine out of whack. I started off the previous argument, I won't reiterate that. It was Judge Schroeder, it was his decision, I'm washing my hands of this. I'm not giving it to anybody, I'm just dismissing it. He was clearly an error. It's acknowledged by the state that that was error. So I won't belabor that. That was the wrong decision. Now, counsel suggests a hypothetical that, well, what should have, would have, should have, could have. What should have been done was the state should have filed a motion to continue. And these other claims, alleged claims, then they could have addressed it. That's totally, that's absurd. That should not have been done and that could have been done. The Forfeiture Act applies to all of us. If they truly are victims, they knew about this. The record shows that they were at the Madison County State's Attorney's Office in July, which was a month after this money was given to the claims. Madison County, by the statute, had an obligation at that point to notify them of their rights. They did not. They did not do that. The people on their own had actual notice of what was the statute. Again, it says you have a time limit. This is what you need to do. And as we are a year later, no, they have not done that. That's the statute. It provides for this type of scenario. And they, as innocent owners, would have applied, presented their case, and it would have been adjudicated accordingly. They didn't do that. What about the state's position, though, that you can delay the return of property that is needed for evidentiary purposes, and they cite the statute for that? What about that provision? I mean, this delay seems reasonable in light of the fact that the money is being held. Well, how does it seem reasonable when Callaway County was involved a full 10 months prior to this, that Madison County, the Mexi officers, didn't interview anybody until November, so everyone knew what this money was and when it was done. No charges were filed. They probably believed that it was absurd, as I said earlier, with these fixes, but nothing was done. I filed in October the motion to suppress. I am pushing, and less than two weeks before we're to hear the motion to suppress, criminal charges are filed in Callaway County. Now, on their very face, they fly in Illinois and in Missouri. I mean, there's no argument that the money was voluntarily given. There's no argument that it was snatched by Illinois State Police less than two hours after they left. So how could you possibly pursue a prosecuting case for theft by deception at that point? There wasn't enough time. That went on. And maybe that's why they delayed, but they filed this at the last minute because the state's Madison County State's Attorney's Office didn't want me getting the money. They looked at that. They said, this case is going nowhere, and contrary to what the other gentleman said, it was unconstitutionally seized. I believe that they acknowledged that, but they refused to proceed on the criminal case. So then the very next day, I go to the civil judge, who was different than the criminal judge in this case. The criminal judge was Judge Berkman. I go to Judge Roy. I want a hearing. I want the state to proceed on the forfeiture, which you can regardless of the criminal case being dismissed. Well, they do. We refuse. We're not doing it. And the judge seems to be on their side. But we can't even take into account these innocent owners because they did not follow the statute. And the same way on the police, the statute provides for the police. If they needed that money, then they have a procedure that they have to follow. It's called a turnover. They didn't do it. Colorado County didn't do it. What did they do? Is they tried to do it through the back door. They tried to usurp the statute by filing this bogus criminal case at the end. And then on the day of hearing in St. Clair County, I'm forced to go to another county to try to get what the statute says is rightfully ours. And they come in that morning and have an ex parte hearing on a search warrant. I mean, a search warrant on space doesn't, doesn't. Now, I even went, briefed that, in the brief, as it being patently invalid. But the point is, stay within the document. Stay within the statute. And all those things could have been done, but they weren't. There was not notice given to the alleged victims. Colorado County did not seek a turnover. Surely they, they, they do that. They have that, that system in place. None of this was done. And until the very end, and then the judge, by statute, says, Shell, Lou, how do you get around that? I mean, I don't know if William Dickerson's name is still thrown around, but back when I was in law school, almost 50 years ago, that was the statutory interpretation. Shell made you do it. He refused to do it. Which brings us here. I don't, there is nothing in the statute that we did not avail ourselves of. We went over and beyond trying to chase this down. And it, and it was by, I'm sorry, but it was by hook or crook. So you're asking us to reverse and remand for a proper disposition order? Yeah, I'm asking you to, I said it in my conclusion. I mean, I'm asking that, that you reverse Shell, send it back and say, to let the money to be given to the claimants. They're the only ones around. But there was never a hearing. So wouldn't they reverse and remand under that logic for a hearing? No, because, Why not? You wouldn't, because they'd argue that. It's not a default hearing. No way a default. A default hearing is when you have it, no one else. They filed. They filed. We want this money. Give us the money. You should have had it. You're two greasy haired, sweating Chinese people that can't speak English and you shouldn't have this money. That's basically what they said. So, we said no, no, no. We're entitled to it. We were given the money to invest. As best as Google Translate would do. That's what was said from the start. So there are two. We filed a claim. We filed a verified claim. This isn't a default situation. You have two versions. They backed out. They said, ah, we're throwing in the towel. Throwing in the towel doesn't mean that you remand and have a further hearing. Throwing in the towel is we've abandoned it. The state's attorney, at the hearing in St. Clair County, showed up. I was there. But the old Tom Haines says, no, I don't have any interest in this. So, they have no interest. Any alleged competing interest, whether it be Callaway County or the Chinese couple, they had to move guns within the forfeiture act to move guns. This isn't a remand. This is a reverse. Do what the statute says you have to do. Give them the money. And then maybe the court claims, as you so astutely observed, that maybe Mazuda says, hey, if you read the Stearman case, it was kind of a similar case. And that's that Florida case that has the same forfeiture statute as us. And the appellate court in that case, I mean, they talk about, well, this is what we, the feds have got to give it back. But if they don't, and that's going to be the situation here. Mazur is going to be ordered to go back. And they might just flip me off. I don't know. But I mean, I have the argument in the court of claims. But I think, absolutely, you reverse him. You say you were wrong. You should have washed your hands. And it should not have sat in a vault somewhere. It should have been returned to the claimants immediately. And no less than seven days as the statute. Okay. Thank you. All right. Any other questions? No, thank you. All right. Thank you, Mr. Unselt. You'll have time for rebuttal. Mr. Marshall. Good morning. Lots of questions. Oh, I hope not. Good morning, Your Honors. Meg Pleas at court. Tripp Marshall for the State and Madison County. Mr. Unselt. I do agree that Madison County never lost in written jurisdiction. The state kind of let down that. At the hearing, saying, well, we're just going to dismiss our complaint. Jurisdiction goes away. Said, sounds good to me. Basically, go talk to ISP about the money. It's out of my court now. I don't think that was correct. Short-circuited the forfeiture procedure, I think is the word to use. That's accurate. That said, I don't think it equates to a default. You get the money in seven days because I think the trial court in Madison County correctly recognized that was not the case. Now, here's where I got a little egg on my face because sometimes I come up with things as I'm preparing, and civil is not my strong suit. But I'm wondering, to add to the confusion, whether we even have a final order in this case. Because it was dismissed voluntarily without prejudice. They would have... That was going to be my question. Was there ever an order? And if so, what does that order say? I don't know if there was an order. An oral pronouncement? I think it was just an oral pronouncement. An oral pronouncement? The order I have, I mean, the one of substances, order of finding probable cause is implied there. Interim jurisdiction. I'm not sure if it was just... And that order was under Biden? That was Madison County... I don't know the name of the judge. I couldn't read the handwriting. But there was an oral pronouncement that we've all reported here today that was essentially... Essentially, I washed my hands of it. Your complaint... Further actions need to be taken up with ISP.  But I'm sitting here going, okay, it's a voluntary dismissal. So under 217, they would have... I think the forfeiture statute of limitations is five years. So they could have five years to refile a complaint. Assuming by then they would want to. It might be on the behalf of Missouri by then. I don't know. That doesn't even count the tolling provision. If the property is seized for evidence, the time period for instituting judicial and non-judicial forfeiture proceedings shall not begin until the property is no longer necessary for evidence. I don't know what's going on in Missouri. I can't say this for... They're on it. What is our starting date for it being needed as evidence? I can't answer that because I'm not sure exactly when. I would say maybe the first time that Callaway County came over and said, hey, we think that's evidence in a crime over there. What would it be when the search warrants are... Either way, we're looking at, I think, like 2029. If the state was able to refile their voluntarily dismissed forfeiture complaint, if that was an applicable provision. And if so, then maybe we don't have a final order here. I'm not sure. So I say I didn't brief it. I came up with that as I was kind of preparing. The question becomes how do we interpret the oral pronouncement of the circuit court? And did all of this happen more than seven days after that oral pronouncement? Well... The oral pronouncement, I mean, that's just when it ended, I guess. And then he's right. Everyone from Madison showed up in St. Clair. State social dismiss granted. Yes. What about the argument that at that moment, the state gave up any interest they had in the forfeiture? They effectively did. Except... But they... Sorry. When they dismiss out of charge, they can reinstate the charges. They can reinstate the forfeiture action. And none of this has been briefed by either of the parties, I might add, as well. Well, I was just... In the one, I thought, well, maybe they could... He's right. It's all hypothetical. Seek a continuance at that point. Knowing that the Madison County judge has interim jurisdiction, hey, we've got this on a forfeiture schedule thinking it was money laundering. It appears... He's right. I mean, based on the statement of the Madison County judge, he wasn't going to continue this matter. He was washing his hands of it. And I also admit that based on the representations of the Madison County state's attorney, they probably weren't interested in refiling forfeiture. But you agree that we should reverse. And you're saying we should remand. And he's saying there should be no remand, which he is free to raise by motion in Madison County, should the state attempt to go forward or the court attempt to dispose of the property. All of that can be done... With a reversal. Protecting each of your positions. If we reverse and remand, leaving him free to challenge back in the trial court. I would agree. So it would be a... You're suggesting a reverse and remand with no instructions. The other side doesn't want a remand, but they're free to raise that by motion. So it would literally be just a reversal is what you're suggesting. Let me make this submission. Again, assuming this is a final appealable order, I guess, is it a final order? Now, the state was not going to refile. They lost their hands of it. But circumstances changed. They also thought once they dismissed it, it would just go away. Well, what happens if we just reverse? And the state chooses to do nothing after that. We reversed because the Madison County Court didn't, in fact, have jurisdiction. Where does that leave the appellant? I think I know where it leaves the state. But where does it leave the appellant? In the court of claims. Well, I don't know what is pending right now in... I don't know what's going on. I don't know what's going on. That's why I'm like... Granted, Madison County is not going to refile this. But, arguably, it's still an open order. I mean, maybe it's not a non-final judgment. Maybe there's no jurisdiction here on that ground. What will happen? I don't know. I don't know if they're like, hey, can you amend that to show a burglary in Callaway County so we can get here? The money's in Missouri now, right? But then, how do we even have jurisdiction on the non-final order to even reverse jurisdiction in Madison County? And that's why I apologize for coming up with that late. Your position is it's not a final order because it lacks a disposition? My recollection of civil law, what I've had to do with it, is a dismissal without prejudice is non-final because it presumes that I'm going to fix my thing and bring it back within the statute of limitations. Which in this, they're talking about seven days, give us money. Five years statute of limitations on the support for traction. So, I think time could be on the side. So, they'd have five years to refile it. So, I'm not sure it's an appealable order at this point. Now, I can tell you the law they are. West Missouri would ask them to or whatever shakes out. But, it's almost like there's a rush. Now, the one error again that I agree with him on is Madison County still has interim jurisdiction. No matter what happens. So, I don't know if this is dismissed. So, it's not right necessarily to be before this court? Perhaps. But, they definitely need to, hey, this is your baby. No matter what happens, no matter what's going on now, you've got to own this with paper trail. It's the way I understood it. That would take, in order to get that before this court, that would take final order for us to tell them that they in fact have interim jurisdiction. So, we're in quite a box now. Yeah, so I had a confusion this morning. But, that just dawned on me later because I dealt with one once. Let's assume for a moment that we find that there was a final order. And, that may be an assumption. Or, maybe we asked for something. And, for me, it's final order because it lacked the disposition. Well, it was an oral pronouncement. Oral pronouncement. A dismissal, an oral pronouncement. The only thing that... Can we say it was error to dismiss the action? I don't think so. We can say it's error because there is no disposition. I don't think we get to that because if there is no final order, there is no jurisdiction of the appellate court. Let me ask this question. I'm sort of flying by the seat of my pants here. Is this something that requires supplemental briefing? And, I'm mainly asking this of the appellate because this has been presented to us and to him in a matter that maybe has him... If I may interrupt. Yeah. A9, Exhibit A9 of my brief is not in the report. That's in my brief. There was a written order. I did see that. What is this? Dismissed. It's dismissed. So, that would be a voluntary dismissal? It does not say with prejudice. I did look at that. It doesn't have to say with prejudice. It would have to say without prejudice. So, you believe it's a voluntary dismissal? I believe it's just a slight dismissal. That is what they said. You would have to look at the motion. If they filed this in the court, then it says we do not wish to partake. Voluntary dismissal? That creates a jurisdictional problem for this court. I don't know. It's just a slight dismissal and there was a written order. And, that's it. I did attach it to my brief. I don't know that we need supplemental briefing in life. No. Sorry. Alright. Can I add any more confusion? I apologize, but I... No, I appreciate your candid information. Alright. Any further information for the court? Any further questions? No. Alright. Thank you, Mr. Marshall. Yes. Thank you for your time. I would ask for a remedy. I don't know what that is. Mr. Umso, you have time to rebuttal. I'm asking that you reverse the March 21 order and order the money be returned. That is what I'm asking for. I believe there's sufficient... I put a lot of effort in this. I believe there's sufficient basis to do that. I do not think you have a jurisdictional problem. If you want to look at the record and see what they said in their motion to dismiss, I mean, the order is what it is, and I did attach it to my brief. I believe it was a final and appealable order at that time. So let's assume for a moment, Mr. Umso, that we were to find that we didn't have jurisdiction and we dismissed this appeal. I mean, theoretically, in light of what's transpired here, you could certainly file a motion to reconsider that order or a motion in the trial court, I think, so that you could get a final order of some sort, a dismissal with prejudice, correct? Am I correct there or am I wrong? Well, I think it would be wrong only to think about it. What is today, the 29th? Have a year. Don't you have a year? I mean, if you do determine that and have a year, their year has come and gone. So if it is voluntary to dismiss, I mean, I had a constituency case with you here, a medical malpractice case here recently, and that's exactly what I did there. We were in litigation in Madison County for five or six years. I moved to dismiss. I refiled in St. Clair County, and this had been an issue. I don't know about five years. I don't know where he comes up with it. They have a year, so we're done. So no, I don't think I can file anything. I think that it is what it is. It was a final dismissal. They washed their hands of it, and the state police had seven days to give me the money. They didn't do it. They hit it and skirted it and played hide-and-peek with it. Now it's in Calloway County. Whatever it is that you rule, I'll have to deal with that. Calloway County has filed to disperse it, but I'm not licensed in Missouri. Just as an aside, they have filed that. The prosecutor in Calloway County was totally unaware that this appeal was pending. I had a one-way conversation with the judge in Calloway County, and I said, you know, I'm not going to enter my parents, and I'm not going to practice law over there. But here's what's going on, and I informed him. I sent him the brief and said, we have all the arguments set, and I don't know what they've done with it over there. But, no, this is interesting. But I think that's what you do. You reverse and say, look, you were mandated by statute to dispose of it. You got seven days. There's no question. It doesn't say anything about voluntary dismissals or anything. The statute's very clear. If they don't proceed on the complaint that they filed to forfeit the money, then it's returned to the claimants, and the only claimants are my claimants. Now, keep in mind, I briefed him, but I didn't bring up there isn't a valid attorney's lien on the money. That in and of itself isn't interesting. That's mentioned very briefly in the brief. But they acknowledged that there was an attorney's lien. The state police acknowledged it at the time I filed it. All right. Any further questions? All right. Excuse me. Yeah, I do have one other question. Did you say earlier this was your last appeal that you're going to argue? I'm going to be 75. I'm done. No, really. This is your last time in this court? Yes, this will be. I have the CLEs next year that will be due at the end of 27. I don't want to go through that anymore. No, I'm done. I just have two things I want to say at this point. I'm glad I got here in time to watch you work. And I want to congratulate all of the attorneys for your candor and your preparation. This has just been a fascinating appeal. And the Chinese curse is, may you live in interesting times. We're having an interesting case here. You were very astute on the court matters. And I echo what Justice Clark said. Thank you for your candor, all three of you. And we appreciate it. We just want to sort it all out. So we will take this matter under advisement. We will issue a ruling in due course. And have a great rest of your day. Thank you. Thank you. Thank you very much.